Samuel A. Spiegel, J.
This is an application for a change of name pursuant to section 60 et seq. of the Civil Rights Law.
Petitioner is an American-born citizen, 44 years of age. He was born in Los Angeles County, California, under the name of Bussell Douglas La Yake, Jr. By order of the Superior Court of the State of California dated January 23, 1940, he was given the name of Bussell Burleigh Douglas, Jr.
In 1965 petitioner, then a resident of New York City, came into contact with the teachings of Sri Aurobindo, the renowned *1058 spiritual and philosophical leader, who lived between 1872 and 1950. Sri Aurobindo was a national leader in the fight for the independence of India, and, starting in 1926, established a philosophy and spiritual center in South India at Pondicherry, where he lived, taught, and wrote for the rest of his life. For four years petitioner worked in India and was involved in the daily activities of the followers of Sri Aurobindo. He has now become actively engaged in the philosophy, work and teachings of Sri Aurobindo and plans to remain in America to promote those principles.
On October 22,1965 petitioner was given the name of Arindam by “ The Mother,” the spiritual successor of Sri Aurobindo. The said name in Sanskrit means ‘1 Conqueror of the Enemy. ’ ’ Since that time petitioner has been known only as “ Arindam ” by his friends, family, acquaintances and business associates.' Petitioner’s social security number and automobile club membership are presently recorded in the name of Arindam.
Petitioner urges the instant application primarily for his dealings with the United States State Department and the New York State Department of Motor Vehicles.
Petitioner is well aware that his application for a change of name from Bussell Burleigh Douglas, Jr. to the single name “ Arindam ” is an unusual request. Petitioner is privileged to change his name merely by using it, without violating the law, if it is not done to deceive or to perpetrate a fraud or to avoid a just obligation. Irrespective of the name he chooses, it cannot impair his freedom to worship as he sees fit, if that be his real purpose in seeking to change his name.
However, this court sees no compelling need to set a precedent by judicially sanctioning the use of a single name. Our society is founded upon the use of both a given name and a surname. “In the early life of all races surnames were unknown, while given names have been used from the most distant times to identify and distinguish a particular individual from his fellows. In England surnames were unknown until about the tenth century.” (Smith v. United States Cas. Co., 197 N. Y. 420, 423.) The use of surnames gradually developed through circumstances and the necessity of identification as the population increased. “ Thus the son of John or Peter became known as John’s son or Peter’s son and then ultimately as Johnson or Peterson, aside from his given name.” (Smith v. United States Cas. Co., 197 N. Y., at p. 423.)
When one comes to the court to effect the change judicially, the court may determine, in its discretion, whether the change requested is. warranted under all the circumstances. While a *1059 petitioner has the right to personally change his name, nevertheless the court cannot automatically rubber-stamp an approval on any petition for any name one chooses. Section 63 of the Civil Rights Lray specifically provides: “ If the court to which the petition is presented is satisfied thereby, or by the affidavit and certificate presented therewith, that the petition is true, and that there is no reasonable objection to the change of name proposed ”.
The court is duty bound to examine all the facts including the reasons expressed for the change, and the name sought to be approved.
The judicial approval of the use of a single name would be retrogression to antiquity, cause havoc and chaos in the proper identification and location of persons in this modern day and era, cause serious disruption of official records and lead to all kinds of complications in our economy, largely dependent on credit of easily identifiable persons. The judicial sanction of single names is as extinct as the Dodo bird.
The petitioner may continue to use the name which he desires — “ Arindam ” — to further his altruistic purposes and endeavors, which is his common-law right (Matter of Wing, 4 Misc 2d 840; Lana v. Brennan, 124 N. Y. S. 2d 136; Matter of Green, 54 Misc 2d 606; Matter of Johns, 29 Misc 2d 31).
For the reasons stated this application for judicial sanction for the change of name is denied.