UNITED STATES of America

v.

Albert DUKE.

No. 76 Cr. 577.

United States District Court,
S. D. New York.

Oct. 24, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for the Government; Audrey Strauss, Asst. U. S. Atty., New York City, of counsel.

Albert Duke, pro se.

EDWARD WEINFELD, District Judge.

The movant, now serving a sentence following his conviction before this Court of interstate transportation of stolen securities and conspiracy to do so, seeks to change his name on the judgment under which he was committed from Albert Duke, also known as "Alphonso Johnson," to Munir Abdur-Al Rahmah. The movant states he changed his name for religious reasons and requests the order of this Court so that he will hereafter be identified in the Federal Prison System under his new name. In support of the application, he submits a copy of a petition purportedly submitted to a state court for a statutory change of name. The government opposes movant's application on two grounds. First, it does not appear that the state court has entered an order authorizing a change of name, and even if such an order has been entered, it would not have retroactive force nor be binding on this Court. Second, to grant the application would result in confusion and create record-

keeping problems for the federal courts, the Federal Bureau of Investigation, and the Bureau of Prisons.

■ The copy of the petition which purportedly movant submitted to the state court for a statutory change of name, as authorized by section 63 of the New York Civil Rights Law, is unverified. Movant has offered no proof that the requirements of the statute with respect to publication or other matters have been complied with. But even if a valid order had been entered under New York state law, it would not extend to this Court with respect to its prior existing records—in short, it would have no retroactive effect binding on this Court.

■ The New York statutory procedure does not alter the movant's common law right to change his name at will "so long as there is no fraud, misrepresentation or interference with the rights of others." *Application of Halligan*, 46 A.D.2d 170, 361 N.Y.S.2d 458, 459 (4th Dep't 1974). But the motion is devoid of evidence that movant has even met the relatively simple requirements to effect a common law change of name through custom and usage in his community. *Smith v. United States Casualty Co.*, 197 N.Y. 420, 428, 90 N.E. 947 (1910).

Finally, movant's lengthy record of criminal activity, both prior and subsequent to the imposition of sentence in this Court, gives support to the government's assertion that an order amending the commitment papers in this case will create confusion about the identity of the defendant and will create substantial record-keeping problems for the federal courts, Bureau of Prisons, and Federal Bureau of Investigation. *Cf. Matter of Douglas*, 60 Misc.2d 1057, 304 N.Y.S.2d 558, 561 (Sup.Ct.1969) (petition for statutory change of name denied because of likelihood of confusion). The movant was indicted, convicted and sentenced under what was his known name, Albert Duke. His presentence report reflected a prior record of convictions for robbery and assault, third degree assault, petty larceny, mail fraud, forgery and resisting arrest, bank embezzlement and conspiracy—all under the name of Albert Duke. Subsequent to the sentence imposed by this Court, the movant was again convicted in this Court, before the Honorable Lee Gagliardi, for interstate transportation of stolen securities and conspiracy. All of the above records would have to be conformed to any change made by this Court.

■ Movant's failure to establish a change of name under state law, coupled with the problems noted by the government, among others, warrant denial of the motion. As noted, movant under the common law may assume any name that suits his fancy, but his rights in that regard have no retroactive effect. The within motion, in the discretion of the Court, is denied.