Yusaf Lateef Na'im SALAHUDDIN

v.

Norman A. CARLSON, et al.

Civ. A. No. 81–0224–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 24, 1981.

Yusaf Lateef Na'im Salahuddin, pro se.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Yusaf Lateef Na'im Salahuddin, an inmate at the Federal Correctional Institution in Petersburg, Virginia, proceeding *pro se* and *in forma pauperis*, brings this *Bivens*-type action, seeking monetary, injunctive and declaratory relief for alleged violations of his constitutional rights. On 25 March 1981, defendants filed a motion to dismiss which the Court characterized as a motion for summary judgment. *See* order dated 21 April 1981. Plaintiff has been afforded an opportunity to respond to defendants' motion. Defendants' motion is now ripe for consideration.

Plaintiff alleges that officials at the Federal Correctional Institution at Petersburg, Virginia, have failed to give proper effect to a court order which legally changed his name from Kenneth M. Brown (hereinafter referred to as the "old name") to Yusaf Lateef Na'im Salahuddin, (hereinafter referred to as the "new name").

At the time of his conviction and incarceration plaintiff's name was Kenneth M. Brown; subsequent to his imprisonment, plaintiff was converted to the Muslim religion. As a result of his newly adopted religious convictions, plaintiff sought to change his name to reflect his new state of religious enlightenment. Plaintiff alleges that this new found desire to change his name is rooted in the fundamental tenets of his religion and not upon some whimsical inclination.

Pursuant to these alleged religious convictions, plaintiff sought to have his name legally changed. On 23 June 1980, the Superior Court of the District of Columbia ordered that plaintiff's old name be changed to reflect his new name. *See* plaintiff's complaint form and the attachments thereto. Plaintiff further alleged that defendants were advised of the court ordered name change.

Plaintiff states that he is not seeking to have his old name totally expunged from the prison's records. Rather, he requests that defendants and their agents and employees recognize his new name and refrain from forcing him to use and respond to a name plaintiff claims he finds offensive by reason of his religion.

Plaintiff alleges that defendants have refused to allow him to receive mail that was not addressed with his old name stating that it was necessary for plaintiff to use both his old name and his new name on all correspondence. Plaintiff claims that defendants have returned mail which only noted plaintiff's new name. Plaintiff further alleges that threats of disciplinary actions against him have been made for his failure to acknowledge his old name; he has been denied administrative remedies for failure to acknowledge his old name; defendant Nelson gave him a direct order not to use his new name; visitors have been refused visitation for failure to ask to see plaintiff by his old name.

### Discussion

■ "The door of the Free Exercise Clause stands tightly closed against any governmental regulation of religious belief." *Sherbert v. Verner*, 374 U.S. 398, 402, 83 S.Ct. 1790, 1792, 10 L.Ed.2d 965 (1963). Although the right to hold religious beliefs guaranteed by the Free Exercise Clause of the First Amendment is absolute, the right to express those beliefs is not. The government may regulate the time, place, and manner of religious expression when the regulation is reasonable and content neutral. *Id.* at 402–03, 83 S.Ct. at 1792–93. Such expression may be otherwise restricted by the government only when the government can show that the restrictive regulation or practice serves a compelling governmental interest and is the least restrictive means by which that interest effectively can be served. *Id.* at 406, 83 S.Ct. at 1795; *Wisconsin v. Yoder*, 406 U.S. 205, 220–21, 92 S.Ct. 1526, 1535–36, 32 L.Ed.2d 15 (1972).

The initial inquiry in an action of this kind is whether the conduct or practices which are alleged to have been inhibited or burdened by the government in fact involve religious expression. The issues thus framed are: 1) whether the religious convictions behind the expression are sincerely held; and 2) does that conviction have a theological, as contrasted with a purely social or political, basis. *Wisconsin v. Yoder, supra* at 215, 92 S.Ct. at 1533; *see Welsh v. United States*, 398 U.S. 333, 351–61, 90 S.Ct. 1792, 1802–07, 26 L.Ed.2d 308 (1970).

The defendants have not challenged the sincerity of plaintiff's commitment to the Islamic faith. Nor is there any dispute that plaintiff's new name does not have a religious basis for Muslims. Accordingly, the inquiry must shift to a determination of whether defendants' alleged actions have infringed upon plaintiff's religious rights.

Four courts have addressed issues similar to those presented in the instant action. In *Iman Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980), the Sixth Circuit denied an inmate's request to compel prison officials to change all of the prison records to reflect plaintiff's newly adopted Muslim name. The Court found that the record did not indicate any denial of prison benefits because of the inmate's use of his new name. The Court held that an inmate does not possess a constitutional right to dictate how prison officials keep their prison records. *Id.* In the present action, plaintiff requests only that his mail, visitors, and plaintiff himself not be required to use a name that he finds offensive to his religious beliefs. He specifically does not ask that all prison records be changed. Further, in contrast to *Canney*, plaintiff alleges the denial of prison privileges, specifically, receipt of mail, visitors, postage stamps, use of the commissary and tools within the institution. *Canney* is thus distinguished.

In *Smalley v. Bell*, 484 F.Supp. 16 (W.D. Okl.1979), an inmate sought, by way of a petition for a writ of mandamus, to compel prison officials to change his entire record to reflect his new name. The Court denied

relief on the ground that the duty of prison officials was not so clear that mandamus relief would properly lie.

A federal prisoner filed an application seeking to change his name on the judgment under which he was committed in *United States v. Duke*, 458 F.Supp. 1188 (S.D.N.Y.1978). The movant stated that he changed his name for religious reasons and requested a court order so that he would thereafter be identified in the federal prison system under his new name. The District Court held that the movant would not be permitted to change his name on the judgment under which he was committed, since he failed to establish a change of name under State law, since any such State order would not have retroactive effect or be binding upon the District Court, and since granting the change would result in confusion and create record-keeping problems for the federal courts, the Federal Bureau of Investigation, and the Bureau of Prisons. *Id.* at 1189. In the instant case, plaintiff has obtained a name change by court order and desires only that his legally changed name be given prospective effect in limited, personal ways. *Duke* is thus distinguished.

In *Masjid Muhammad D.C.C. v. Keve*, 479 F.Supp. 1311 (D.Del.1979), the Court found that the inmates' adoption of Muslim names and the desire to be free of their old names which were religiously offensive to them, was part of their religious convictions. While not requiring all prison records to be changed to reflect the inmates' new names, the Court found that defendants failed to show a compelling State interest in total non-recognition of new names, based upon administrative convenience.

> Assuming that some level of administrative burden and expense might qualify as a compelling state interest, the minimal effort and expense necessary to recognize post-commitment name changes does not rise to that level.

*Id.* at 1323 n.5.

Additionally, the Court stated that absent a compelling State interest, prison officials could not, upon pain of punishment or withdrawal of benefits, require plaintiffs to utilize religiously offensive names. *Id.* at 1324.

### Conclusion

■ Based upon the interpretation of the aforementioned cases, the Court is of the opinion that accepting plaintiff's allegations as true, he has succeeded in stating a cognizable claim. Further, it appears from the record that there remain genuine issues of material facts which must be resolved in order to decide whether plaintiff is entitled to relief. The Court must determine whether the alleged threats and reprisals occurred. If they did occur, the Court must determine whether they infringed the exercise of plaintiff's religious beliefs and whether they were necessary to further the prison's interest in discipline. *See Sweet v. South Carolina Dep't. of Corrections*, 529 F.2d 854, 859–60 (4th Cir. 1975) (en banc).

Finally, if necessary, the Court must assess plaintiff's claims of damages, and determine whether the federal officials are entitled to qualified immunity under *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

Accordingly, it is hereby ORDERED that:

1) Defendants' motion for summary judgment is DENIED;

2) This action is hereby REFERRED to the United States Magistrate for this District for hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 29(N)(1)(a)(ii) of the Local Rules of Practice.

3) The Magistrate shall report his findings of fact and conclusions of law within sixty (60) days of the date of this order.

And it is so ordered.