OPINION OF THE COURT
Dan Lamont, J.
Petitioner Ronald Rouson — an incarcerated felon — seeks to change his name to Shahron Malik Shahar. The application should be denied for several reasons.
First, the petitioner was an inmate at Camp Summit Correctional Facility in Schoharie County when he filed his petition, but is presently incarcerated at Clinton Correctional Facility at Dannemora, and is not a resident of Schoharie County in the sense intended by section 60 of the Civil Rights Law.
Second, the petitioner’s 1980 conviction for robbery — a felony — automatically causes a loss and forfeiture of certain civil rights and imposes certain civil disabilities. The statutory scheme and procedure for change of name is found in article 6 of the Civil Rights Law, and the petitioner as a convicted felon should not be afforded such relief as a civil right.
Thirdly, and most importantly, the granting of a change of name to a convicted felon now serving an indeterminate sentence of imprisonment would result in confu *1070 sion and create record-keeping problems for the New York State courts, New York State Department of Correctional Services, New York State Division of Parole, New York State Division of Criminal Justice Services, and the Federal Bureau of Investigation. (See, e.g., United States v Duke, 458 F Supp 1188.)
Accordingly, the petitioner’s application is hereby denied.