OPINION OF THE COURT
Michael D. Stallman, J.
Petitioner Lori Ann Miller applies for a court order pursuant to Civil Rights Law § 63 changing her given name and surname to the sole name, "Sena.”
Petitioner alleges that she is "a healer, nutritionist and life *528 style counselor” and has been "known and called Sena professionally” since 1989. Petitioner asserts that the name Sena holds "unique spiritual and religious importance” because she believes it means "devoted to God.”
Under the common law, a person may adopt a different name at will absent fraud, misrepresentation or interference with the rights of others. The change is effected simply by consistent usage or habit. (Smith v United States Cas. Co., 197 NY 420, 423 [1910]; Matter of Halligan, 46 AD2d 170 [4th Dept 1974].) In addition to the common law, New York enacted a statutory procedure under the Civil Rights Law enabling a person to petition for a court order changing his or her name. (Civil Rights Law §§ 60-65.) These statutory provisions are an alternative procedure to the one under the common law; they are neither a substitute nor a replacement for the common law. (Matter of Sakaris, 160 Misc 2d 657 [Civ Ct 1993].)
In order to grant an order under the Civil Rights Law, the court must find that (1) "the petition is true,” (2) "there is no reasonable objection to the change of name proposed,” and (3) in the case of an infant, "that the interests of the infant will be substantially promoted by the change.” (Civil Rights Law §63.)
The statute does not require a ministerial act. Otherwise, the Legislature would have provided for the filing of a name change request and entry by a clerk. (Cf., General Business Law § 130 [filing of certificates by persons conducting business under assumed name or as partners].) Rather, the statute requires performance of a judicial function. The court must screen each petition and the supporting proof, and exercise its discretion responsibly. Simply because a statute presupposes an ex parte application does not mean that the applicant is automatically entitled to the relief sought upon demand.
Here, petitioner has not met her burden of demonstrating entitlement to a court order effecting the name change sought. Moreover, she has not shown the absence of reasonable objection to the single name. Other than petitioner’s vague assertion concerning the alleged spiritual and religious significance which the name "Sena” holds for her, there is no basis for the court to order the proposed change when it could burden and inconvenience others.
While it has been suggested that "confusion is a normal *529 concomitant of any name change” (Matter of Halligan, 46 AD2d, supra, at 172), the change sought here is fraught with unusual potential for public confusion and private concern. The use of a single name cannot be viewed as reasonable when it would create confusion in identifying different people, cause disruption of official and business records (e.g., driver’s licenses, voter registration, banking records), and wreak havoc in an economy that is "largely dependent on credit of easily identifiable persons.” (Matter of Douglas, 60 Misc 2d 1057, 1059 [Sup Ct, NY County 1969].)
The court need only take judicial notice of the 1994-1995 NYNEX white pages for Manhattan in which there are 15 residential listings for persons holding the last name, "Sena.” Clearly, there is no need for the court to examine additional telephone listings for all five New York City boroughs to conclude that petitioner’s application would create unreasonable confusion and interference with the rights of others holding the surname "Sena,” absent any other additional name which could distinguish the applicant from another Sena. Although other societies may operate according to different customs and practices, our complex and populous society is based on the use of at least one given name and a surname. This practice has evolved historically because of the need to identify different people accurately as the population increased. (Smith v United States Cas. Co., 197 NY, supra, at 423-425.) In the responsible exercise of its discretion, this court will not create a precedent for obtaining a court order on demand decreeing the use of a single name when the need to protect the rights of nonparties, and the exigencies of contemporary life in New York, dictate otherwise.
It is neither dispositive nor persuasive that some prominent artists, entertainers and sports figures have chosen to use a single name for stage purposes. (E.g., Cantinflas, Cher, Christo, Erté, Liberace, Madonna, Meatloaf, Péle, Prince, Raffi, Roseanne, Twiggy, et al.) Movant, too, continues to have the same common-law right to use whatever moniker she chooses for personal or professional purposes. However, she does not have the right to obtain a court order permanently changing her legal name to a one-word name for all purposes. Self-expression does not require a court order.
Accordingly, the petition is denied.