Matter of D.A. (2024 NY Slip Op 24205)

[*1]

Matter of D.A.

2024 NY Slip Op 24205

Decided on July 24, 2024

Supreme Court, Putnam County

Grossman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 24, 2024
Supreme Court, Putnam County

In the Matter of the Application of D.A., Petitioner, For Leave to Assume the Name of B.Z.

Index No. 500849/2024

Petitioner was represented by Patrick J. Smith, and Charlotte P. Tenorio, of Clark Smith Villazor LLP, 666 Third Avenue, 21st Floor, New York New York 10017.
Susan J. Mallery, Schoharie County District Attorney and Jamie N. Lawyer Assistant District Attorney appeared in opposition to the Petition

Victor G. Grossman, J.

The following papers numbered 1 to 4 were read on the Petitioner's application for a name change:
Notice of Petition  Verified Petition / Exhibits 1-2
Affirmation in Opposition 3
Reply Affirmation 4
Upon the foregoing papers it is ORDERED that the application is disposed of as follows:
Petitioner was convicted on October 21, 1998 of Murder in the First Degree in Schoharie County Court. After serving 25 years in prison, she was released on parole, with a Certificate of Relief from Disabilities, on May 12, 2022, and remains on probation. Her petition states that she desires a change of name to escape the stigma and mental pain associated with her present name and to facilitate her post-incarceration search for employment.
This is an action to recover the sum of $13,915.06 for credit allegedly extended via credit card and not repaid. In support of its claim, Plaintiff has established the existence of the debt, Plaintiff's ownership thereof, and the amount due. Any objection to the admissibility of Plaintiff's evidence has been waived by virtue of Defendant's failure to oppose the motion.
"Under the common law a person may change her name at will so long as there is no fraud, misrepresentation or interference with the rights of others" (Matter of Halligan, 46 AD2 170, 171 [1974]." Matter of Golden, 56 AD3d 1109, 1110 (3d Dept. 2008). 
THE STATUTORY PROCEDURE FOR CHANGE OF NAME
Article 6 of the Civil Rights Law provides a mechanism whereby a change of name may [*2]be authorized by judicial proceedings. 
Civil Rights Law §61(1) requires a verified petition stating inter alia:
[a] whether or not the petitioner has been convicted of a crime or adjudicated a bankrupt;
[b] whether or not there are any judgments or liens of record against the petitioner or actions or proceedings pending to which the petitioner is a party, and, if so, the petitioner shall give descriptive details in connection therewith sufficient to readily identify the matter referred to; . . . .
Civil Rights Law §62(2) requires that notice of the petition by a convicted felon be given as follows:
If the petition be to change the name of a person . . . currently under the supervision of the department of corrections and community supervision or a county probation department as a result of a conviction for a violent felony offense as defined in Section 70.02 of the Penal Law or a felony defined in Article 125 such law . . . , notice of the time and place when and where the petition will be presented shall be served . . . upon the district attorney of every county in which such person has been convicted of such felony and upon the court or courts in which the sentence for such felony was entered . . .
Civil Rights Law §62(3) further provides that "[e]xcept as provided in subdivisions one and two of this section, the court shall not require any other pre-hearing notice."[FN1]
 Civil Rights Law §63 provides:
If the court to which the petition is presented is satisfied thereby, or by the affidavit and certificate presented therewith, that the petition is true, and that there is no reasonable objection to the change of name proposed . . . the court shall make an order authorizing the petitioner to assume the name proposed.
Civil Rights Law §63. Finally, Civil Rights Law §64(2)(a) provides:
If the petition states that the petitioner stands convicted of a violent felony offense as defined in Section 70.02 of the Penal Law or a felony defined in Article 125 such law . . . the clerk of the court in which the order has been entered shall deliver, by first class mail, a copy of such certified order to the Division of Criminal Justice Services at its office in the County of Albany . . . THE DISTRICT ATTORNEY'S OBJECTION
In accordance with Civil Rights Law §62(2), the Schoharie County District Attorney and the Schoharie County Court were given due notice of the Petition. The District Attorney has objected to Petitioner's name change application, stating inter alia:
[T]he People contend that allowing [D.A.] to completely change her name would [*3]potentially put the public in harm's way and would cause grave problems for DOCCS, namely parole, as well as the court system.
. . . .
The Parole Board, court system, county clerks, Board of Elections, Department of Motor Vehicles, potential employers, potential spouses, and others all need to know the proper name of who they are dealing with in various manners and be able to look a person's history up. For example, it appears that [D.A.] has a judgment from Mary Imogene Bassett Hospital in the amount of $4,423.80 filed in Otsego County on June 16, 2004, and in Schoharie County on June 24, 2004. (Attached hereto). There is no satisfaction filed for this Judgment.
LEGAL ANALYSIS
"A court's authority to review an application for a name change is limited; if "the petition is true, and . . . there is no reasonable objection to the change of name proposed, . . . the court shall make an order authorizing the petitioner to assume the name proposed" (Civil Rights Law §63 . . . [cit.om.])." Matter of Powell, 95 AD3d 1631, 1632 (3d Dept. 2012). 
On the other hand, as one Court observed:
It is well settled that petitions for name change by convicted felons, while serving their sentences, should be vetted by the New York State Department of Corrections and/or the prosecuting District Attorney's office. Often, one or both of these agencies will object to a prisoner's name change petition on the basis that, if granted, the name change would create record-keeping problems for corrections and law enforcement officials, as well as potentially endangering crime victims, and the general public. Accordingly, courts should defer to the expertise of these law enforcement officials in evaluating such applications (Matter of Holman, 217 AD2d 1012 [4th Dept 1995]; Matter of Rouson, 119 Misc 2d 1069 [Schoharie County Ct 1983); Matter of Furick, 33 Misc 3d 169 [Sup Ct, Dutchess County 2011]).
Matter of Todd, 59 Misc 3d 852, 853 (Sup. Ct. Erie Co. 2018). All of the cases cited therein reference potential record-keeping issues for DOCCS (or the Department of Corrections or other "incarcerating agency"); and in the cases upon which Petitioner relies — wherein name change applications by convicted felons were granted — the courts relied upon the fact that DOCCS (or other "incarcerating agency") had notice of the petition and did not object thereto. See, Matter of Jackson, 144 AD3d 1539, 1540 (4th Dept. 2016); Matter of Powell, supra, 95 AD3d at 1632; Matter of Madison, 261 AD2d 738, 739 (3d Dept. 1999). 

Petitioner here is under lifetime supervision by DOCCS, and DOCCS was not given notice of Petitioner's name change application. Were this Court writing on a clean slate, it would be inclined to require notice and afford DOCCS an opportunity to be heard. However, that option is foreclosed by Civil Rights Law §62(3), which, as amended effective April 9, 2022, directs that the Court "shall not require any other pre-hearing notice" than that provided for in Civil Rights Law §62(2). Petitioner complied with Section 62(2) by noticing the Schoharie County District Attorney and the Schoharie County Court.
The District Attorney's objection that Petitioner's proposed name change would "cause grave problems for DOCCS, namely parole, as well as the court system" is insufficiently [*4]particularized to support a denial of her application on that ground. See, Matter of Madison, supra. The District Attorney's generalized allusion to potential confusion for the "court system, county clerks, Board of Elections, Department of Motor Vehicles, potential employers, potential spouses" is equally unavailing, for "confusion is a normal concomitant of any name change." Matter of Golden, supra, 56 AD3d at 1110 (quoting Matter of Halligan, 46 AD2d at 171). See also, Matter of Powell, supra, 95 AD3d at 1632 ("Confusion is attendant to any name change and does not, in itself, justify denial"). Finally, the Petitioner's failure to disclose a 20-year-old judgment for approximately $4,000, entered close to the outset of her 25 year stint in prison, is readily attributable to oversight and not to an intention to defraud her creditors.
In this case, Petitioner has paid in spades for her crime, and has been granted parole and a Certificate of Relief from Disabilities. The Parole Board presumably found Petitioner to be rehabilitated and prepared for reintegration into society. The structure and content of the Civil Rights Law presupposes that convicted felons may appropriately be granted changes of name, and ameliorates potential sources of confusion by providing for service of the name change order upon the Division of Criminal Justice Services in Albany. Finding that the proposed name change will benefit Petitioner as she seeks to become a productive member of society, and that denial of her request is not warranted by fraud, misrepresentation or interference with the rights of others, the Court grants Petitioner's name change application.
It is therefore
ORDERED, that Petitioner's application for a change of name is granted, and a formal Order Granting Name Change is issued together herewith.
The foregoing constitutes the decision and order of the Court.
Dated: July 24, 2024
Carmel, New York
ENTER
HON. VICTOR G. GROSSMAN, J.S.C.

Footnotes

Footnote 1:Civil Rights Law §62(2) was amended by L.2022, c. 58, pt. R, §2 to delete a sentence which had read: "The court shall not condition the entry of an order on notice to any party or to any city, state or federal agency except by written order detailing the court's reasoning for requiring such notice and showing cause why such notice should be served."