NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1170

TOREY LEMONT DAVIS, petitioner.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2024, the petitioner filed a petition pursuant to G. L. c. 210, § 12, to change her name to align with her gender identity.  After a trial, a judge of the Probate and Family Court denied the petition.  The petitioner contends that the judge abused her discretion in concluding that the public interest outweighed the petitioner's own interest in changing her name.  We affirm.

The petitioner is currently serving five years of supervised probation after serving almost two years in prison, following guilty pleas on charges that included two counts of indecent assault and battery on a person with an intellectual disability, G. L. c. 265, § 13F, intimidation of a witness, G. L. c. 268, § 13B, assault and battery on a person with a disability, G. L. c. 265, § 13K (a 1/2), and violation of an

abuse prevention order, G. L. c. 209A, § 7. After she filed the petition to change her name, an order entered requiring notice by publication. Following publication in a local newspaper, an affidavit of objection was filed by the person whom the petitioner had indecently assaulted because the objector has an active abuse prevention order pursuant to G. L. c. 209A (209A order) against the petitioner entered in the District Court. The objection was withdrawn after the petitioner's requested name was added to the 209A order and that order was made permanent.

In 2025, a trial was held in the Probate and Family Court. The petitioner testified that she "wanted to change [her] name so it will comport more with [her] gender." She has been using her requested name for years, and everyone she knows uses it. She testified that she needs a legal name change because her current name causes her difficulty in changing employment, maintaining banking and tax records, and dealing with medical and insurance providers. She "constantly [has] to explain and re-explain to people" which causes her "constant anxiety." The petitioner testified that she has criminal records in Massachusetts, Texas, and Connecticut. To her knowledge, both her legal and requested name are reflected in the 209A order, are listed with the Sex Offender Registry Board (SORB), and

2

appear in any other criminal databases in which she might appear.[1]

General Laws c. 210, § 12, allows a petitioner to secure an "official record which definitely and specifically establishes [their] change of name." Verrill, petitioner, 40 Mass. App. Ct. 34, 35-36 (1996) (Verill), quoting Buyarsky, petitioner, 322 Mass. 335, 338 (1948). Although "the right to change one's name through the legal process is not absolute," Jaynes, petitioner, 88 Mass. App. Ct. 745, 746 (2015) (Jaynes), a change of name "shall be granted unless such change is inconsistent with public interests," G. L. c. 210, § 12. Where a petitioner is involved with the criminal justice system, "the public interests at stake are heightened." Jaynes, supra at 747. Consistent with that principle, a judge may consider the "significant confusion" that the name change could cause in the maintenance of records and investigatory functions of law enforcement agencies. Id., quoting Verrill, supra at 37.

The petitioner contends that the judge erred in concluding that these public interests outweighed the petitioner's interest

---

[1] An attorney for the petitioner testified that she sent six notices of the petitioner's request for a name change to various law enforcement agencies. Although the return receipts for most of those notices were entered in evidence, the judge noted that the petitioner "did not provide a copy of any of the relevant mailings, and the evidence submitted is insufficient for the Court to determine the contents of the mailings to the various law enforcement agencies."

in changing her name.  We review a judge's discretionary decision for abuse of discretion, see Jaynes, 88 Mass. App. Ct. at 747, and will affirm it unless the judge "made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted), L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The judge acted well within her discretion here.  In a thoughtful decision, she found that the petitioner had a "sincere and understandably important reason for seeking a . . . legal name in alignment with her gender identity."  The judge acknowledged that a legal name change would "enable the Petitioner to update all her medical and banking records" and "mitigate the distress of being misidentified, including instances of deadnaming."  The judge further identified the "protection of transgender individuals from dysphoria, misgendering, and other negative experiences" as "unquestionably important and a significant consideration."  At the same time, the judge found that the record "paints a more complicated picture" due to the petitioner's "extensive and serious criminal history."  The petitioner's criminal history spans thirty years and includes eighteen convictions in Massachusetts.  She also has convictions in other states that are tied to her legal name and other aliases, but not her requested name.

4

In light of these circumstances, it was appropriate for the judge to take into consideration the public interest in maintaining "accuracy and consistency" in the petitioner's criminal records.  Jaynes, 88 Mass. App. Ct. at 747.  The judge found that the "full scope of local, state and federal criminal databases that maintain a record on the Petitioner is unclear."  In particular, the judge found that the petitioner's requested name does not appear in her criminal records in other states, although the petitioner testified that it does.  The petitioner was "unable to confirm" that her requested name is registered in the Federal Bureau of Investigation's National Crime Information Center.  Furthermore, while the petitioner testified that, "to her knowledge," she is registered with SORB under both names, the only evidence to corroborate that testimony was "a computer printout generated on an unknown date by an unknown person," which the judge accorded "little weight."  The judge ultimately concluded that granting the requested name change "could create significant risks of confusion, misidentification, and errors in the various law enforcement databases and tracking systems."  The judge's ruling was consistent with our decisions in Jaynes and Verrill, and we do not discern "a clear error of judgment" (citation omitted).  L.L., 470 Mass. at 185 n.27.

Nor are we persuaded by the petitioner's assertion that the judge imposed on her a duty to make a "reasonable effort to

5

notify the relevant law enforcement agencies . . . of her common law name or her name change petition."  Rather, the judge took into consideration that multiple law enforcement agencies had not been notified of the petitioner's requested name, even though she had gone by that name for the last five years. Additionally, the petitioner did not list her requested name as an alias in connection with the 209A order, despite having used it the entire time the order had been in place.  As discussed, it was within the judge's discretion under G. L. c. 210, § 12, to assess whether the proposed change would create confusion or impair the petitioner's traceability within the criminal justice system.  See Jaynes, 88 Mass. App. Ct. at 747; Verrill, 40 Mass. App. Ct. at 37.

Decree denying petition for name change affirmed.

By the Court (Neyman, Hershfang & Toone, JJ.[2]),

Clerk

Entered:  May 12, 2026.

---

[2] The panelists are listed in order of seniority.