## Marcia E. Daker Elwell v. Richard C. Elwell

[313 A.2d 394]

No. 110-73

Present: **Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.**

Opinion Filed December 10, 1973

*Kathleen M. Mitchell, Esq.,* and *William M. Dorsch, Esq.,* Vermont Legal Aid, Inc., Springfield, for Plaintiff.

**Per Curiam.** As part of her divorce libel, the libelant requested the right to resume her former name. The divorce was uncontested. The judgment order made no reference to this prayer, and the libelant appealed on that ground.

15 V.S.A. § 557 provides:

> Upon granting a divorce to a woman, unless good cause is shown to the contrary, the court may allow her to resume her maiden name or the name of a former husband.

This statute, by its terms, requires favorable consideration of a prayer for name resumption by a woman who obtains a divorce, unless good cause is shown to the contrary. The record in this case discloses that the only possible basis for refusal in this case was the fact that the children, retaining the name of their father, would then have a name different from that of the mother. The trial court never revealed the basis for its refusal to consider the request.

Standing alone, this Court finds this to be an insufficient basis for denying an unopposed request to resume a former name. The Legislature was cognizant of this possibility, as illustrated by the optional provisions for name changes for the children, upon application, found in 15 V.S.A. § 558. If this name difference were to automatically bar a petition under 15 V.S.A. § 557, the statute would have so stated. With the burden of proof being to establish good cause to the contrary of the libelant's request, we must return the case for redetermination of this issue.

*The judgment order is affirmed as to the issues therein disposed of, but the cause is remanded for hearing and adjudication of the issue of a change of name of the libelant.*