Reginald S. Oliver, J.
The petitioner is a thirty-nine-year old divorcee, with three children ages twelve, ten and eight. She alleges she is living with a married man who is separated from his wife. Petitioner seeks an order granting her leave to assume the last name of the man "with whom she is living, because "she and her children are subject to embarrassment if she is referred to as 'Carol B.’”, the last name not being that of her roommate.
The petitioner’s attorney has informed the court that the paramour concurs in the petition, and that his wife is living but does not know of the application. Should this court comply with the requested change of name so that "Mrs. B” can become "Mrs. D.”?
It is generally well-established that an adult may at common law, assume any name he chooses, provided its use is free from fraud or misrepresentation and does not interfere with the rights of others. Further, a court may properly assume that most petitions by adults for a statutory change of name should be granted, until the contrary appears, particularly by interested third parties (Matter of Halligan, 46 AD2d 170).
The statutory provisions under article 6 of the Civil Rights Law are in addition to and not a substitution for the common law method of change, and have the advantages of establishing wide public notice, setting a definite date on which the new name is to be . assumed, and becoming a matter of court record (Matter of Anonymous, 57 Misc 2d 813; Smith v United States Cas. Co., 197 NY 420).
It has been held, however, that the court has some discretion in determining whether an order is warranted. In Matter of Middleton (60 Misc 2d 1056) permission was denied to change a name in order to instruct on attitudes and behavior of foreign peoples. Similarly, in Matter of Douglas (60 Misc 2d 1057) a petition was denied to permit the assumption of a single name because of the embracing of certain spiritual and philosophical teachings. The court stated it could not "automatically rubber-stamp” an approval on any petition for any name one chooses, and concluded the petitioner could use any *286 name he chose under his common law right for the purposes he desired.
Indirectly, it appears that the petitioner is asking the court not only to approve a new name, but to approve of her new relationship. Section 255.17 of the Penal Law defines adultery as an act of sexual intercourse by a person with another person at a time when he has a living spouse, or the other person has a living spouse. Adultery is a class B misdemeanor. The court is entitled to draw normal inferences from the allegations in the petition (Bradley v O’Hare, 2 AD2d 436).
In its discretion, the court will not grant the petition. If an order were to be made, the court would not only be fostering a misrepresentation that the petitioner is in fact and in law "Carol D.”, but the order would also in effect constitute a condonation of a class B misdemeanor.
The petition is dismissed.