537 P.2d 1085 (1975)
In the Matter of the Application for Change of Name of Walter KNIGHT, Petitioner-Appellant.
No. 75-101.
Colorado Court of Appeals, Div. III.
June 24, 1975.
*1086 Walter Knight, pro se.
Selected for Official Publication.
STERNBERG, Judge.
Walter Knight, an inmate of the State Prison, petitioned the district court to change his name to Sundiata Simba. His reasons were "to acknowledge the heritage of [his] past, and to fortify [his] acceptance of [his] religious beliefs as required by [his] faith." Nine months later, the request was denied. We reverse.
The statute under which the petition was filed, § 13-15-101, C.R.S.1973, provides that the court must approve the change of name if it is "satisfied that the desired change would be proper, and not detrimental to the interests of any other person." Here, the court held that the change would not be "proper" because Knight has a lengthy criminal record, is incarcerated, and an F.B.I. "rap" sheet is extant which lists him under his present name. However, there was no evidence before the court as to how the name change would be prejudicial to prison or police authorities. Therefore, we do not consider any of these reasons, without additional proof, as sufficient basis for the court to conclude that the change of name would be improper. In this day when a Lew Alcindor elects to be known as Kareem Abdul-Jabbar, and Cassius Clay opts for Muhammad Ali, the desire of Walter Knight to reflect his African heritage by adopting the name Sundiata Simba should not be dismissed lightly. Cf. Petition of Rusconi, 341 Mass. 167, 167 N.E.2d 847.
At common law, a person could adopt another name at will. Statutes setting forth procedures to be followed in changing a name merely provide an additional method for making the change. See 57 Am.Jur.2d Name §§ 10 and 11. It is more advantageous to the state to have the statutory method of changing names followed, Application of McGehee, 147 Cal. App.2d 25, 304 P.2d 167, and for that reason applications under the statute should be encouraged, Petition of Buyarsky, 322 Mass. 335, 77 N.E.2d 216, and generally should be granted unless made for a wrongful or fraudulent purpose. Application of Ferris, 178 Misc. 534, 34 N.Y.S.2d 909. See generally Annot, 110 A.L.R. 219.
While a court has wide discretion in matters of this type, it should not deny the application for a change of name as being improper unless special circumstances or facts are found to exist. Included in these would be "unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous or offensive to common decency and good taste." In re M., 91 N.J. Super. 296, 219 A.2d 906; see Petition of Rusconi, supra. Likewise, there is authority to deny the change if the interests of a wife or child of the applicant would be adversely affected thereby. See Annot., 53 A.L.R.2d 914.
We do not suggest that a court must grant every petition for change of name; rather, we hold that some substantial reason must exist for denying such petition, and that none appears in the record before us. See In Re Ross, 8 Cal.2d 608, 67 P.2d 94. Before a court denies a request for a change of name under the statute, it should conduct an evidentiary hearing to determine if good and sufficient cause exists to deny the application. Cf. Henderson v. Industrial Commission, Colo. App., 529 P.2d 651.
The judgment of the trial court is reversed and the cause remanded with directions either to grant the petition forthwith, or to hold a hearing for the presentation of whatever evidence may be adduced militating *1087 against the petition. We further direct that if the court elects to hold a hearing on this matter, it take place within 60 days of issuance of the mandate in this case.
PIERCE and VAN CISE, JJ., concur.