Rockingham
Nos. 7937 & 7949

### David L. Moskowitz

### v.

### Barbara R. Moskowitz

### Michael Bolduc

### v.

### Christine Bolduc

March 31, 1978

*Tetler & Holmes,* of Hampton (*Edward R. Woiccak,* by brief) and *New Hampshire Civil Liberties Union,* of Concord (*H. Jonathan Meyer,* orally), for the defendant Barbara R. Moskowitz.

*John C. Emery,* of Manchester, and *New Hampshire Civil Liberties Union,* of Concord (*H. Jonathan Meyer,* orally), for the defendant Christine Bolduc.

Bois, J. Defendants herein appeal from the denial of their respective motions to restore their maiden names. A change of name is allowed in proceedings for divorce or nullity by RSA 458:24 (Supp. 1975). Basically, both defendants challenge the rulings on the ground of "abuse of discretion." We sustain their exceptions and remand with directions that the superior court either grant the name changes forthwith or hold hearings for the presentation of whatever evidence might be adduced militating against the relief sought.

David L. Moskowitz filed a libel for divorce against his defendant wife. Hearing before a Master (*Nicholas G. Copadis,* Esq.) resulted in recommendations that the libel be granted and that certain orders of custody, support, visitation rights, and division of property be entered. *Cann,* J., approved the recommendations. The

defendant, who had been awarded custody of the minor children, then moved to amend the divorce decree to include restoration of her maiden name. The plaintiff, in writing, waived objection to the grant of this change.

The master found and ruled as follows:

> Defendant's request to resume her maiden name is denied, no good cause having been shown. The court further finds that it would not be in the best interest of the family unit to permit said change of name and would further encourage the minor children to use the mother's maiden name, something which they have already done and which the court finds the defendant has tolerated if not encouraged.

The denial of the motion was approved by *Mullavey,* J.

The defendant filed a motion for reconsideration, and the plaintiff, in a pleading, for the first time objected to the change of name and sought an order to restrain the defendant from using or encouraging the use of her maiden name in connection with the minor children. The record does not indicate a hearing on this motion. The master recommended the following decree be entered:

> Motion denied. The court affirms its prior decree wherein it found as a fact that it would not be in the best interest of the family unit to permit said change of name.

The recommendation was approved by *Perkins,* J. All questions of law raised were reserved and transferred by *Mullavey,* J.

The companion case before us for review is the result of a libel for divorce filed by the plaintiff, Michael Bolduc. The defendant wife, Christine Bolduc, filed an answer and cross-libel. Hearing was had before a Master *(Peter J. Bourque,* Esq.), who recommended that the court enter a decree of divorce, grant custody of the minor children to the defendant along with certain support payments, and distribute the parties' property. Before the court approved the recommendations and entered a decree, the defendant moved for the restoration of her maiden name. Without setting forth any findings or reasons therefor, the master recommended denial of the motion. On May 5, 1977, *Cann,* J., approved both recommendations. The defendant excepted to the denial of her prayer for a change of name; all questions of law raised were reserved and transferred by the court.

 A review of the authorities makes clear that at common law a person could adopt another name at will. In the absence of statutory restrictions, one may lawfully change his name at will without resort to any legal proceedings if the change is not made for a fraudulent, criminal, or wrongful purpose. *See Petition of Hauptly,* 262 Ind. 150, 312 N.E.2d 857 (1974); *Secretary of the Commonwealth v. City Clerks,* 366 N.E.2d 717 (Mass. 1977); *Egner v. Egner,* 133 N.J. Super. 403, 337 A.2d 46 (1975); *Knizell v. Podell,* 67 Wisc. 2d 138, 226 N.W.2d 458 (1975). Statutes setting forth procedures to be followed merely provide an additional method of making the change. They do not abrogate or supersede the common law, but merely affirm and aid it, and they have been held to be more advantageous both for individuals and for the State. For that reason, application under a statute should be encouraged and generally granted unless made for a wrongful or fraudulent purpose. *Re Knight,* 36 Colo. App. 187, 537 P.2d 1085 (1975); *In Re Reuben,* 342 A.2d 688 (Me. 1974); *Klein v. Klein,* 36 Md. App. 177, 373 A.2d 86 (1977); *Piotrowski v. Piotrowski,* 71 Mich. App. 213, 247 N.W.2d 354 (1976); *Elwell v. Elwell,* 132 Vt. 73, 313 A.2d 394 (1973); *see* 65 C.J.S. *Names* §§ 10–16 (1966).

 As in most states, New Hampshire has two types of statutes that authorize procedures by which a court may change persons' names. RSA 547:7 provides that a probate judge "for cause shown may change the names of persons . . . who apply therefor." This type of statute places the burden on the petitioner to prove that his request is based on good and sufficient reason and is more than just a whim. The court is allowed to determine, in its discretion, the sufficiency of the reasons, but not to arbitrarily deny the change, unless there exists such special circumstances as unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous, or offensive to common decency and good taste. *In the matter of Walter Knight,* 36 Colo. App. 187, 537 P.2d 1085 (1975); *In Re Brost,* 32 Conn. Supp. 1, 334 A.2d 483 (1974); *Ogle v. Circuit Court,* 227 N.W.2d 621, 625 (S.D. 1975). In *Petition of Hauptly,* 262 Ind. 150, 312 N.E.2d 857 (1974) (speculation that a woman's change of name might cause embarrassment to a child is no basis for denial) the court held that "the only duty of the trial court upon the filing of such a petition is to determine that there is no fraudulent intent involved." Once having so found "it is an abuse of judicial discre-

tion to deny any application for a change of name under the statute." *Id.* at 153, 312 N.E.2d at 860.

■ Another type of statute governing petitions for name changes is RSA 458:24 (Supp. 1975), which authorizes the superior court, whenever a divorce or annulment is granted, to change the woman's name at her instance. It reads as follows:

> Decree. In any proceeding under this chapter, except an action for legal separation, the court may, when a decree of divorce or nullity is made, restore the maiden or former name of the wife, regardless of whether a request therefor had been included in the libel.

Under this statute, directly at issue herein, the legislature's use of the verb "may" indicates that whether a former name should be restored in the decree at the time of divorce is a matter vested in the sound discretion of the court. However, "just what limitations are placed on the court's exercise of that discretion have varied from jurisdiction to jurisdiction, but it is not unbridled." *Klein v. Klein,* 36 Md. App. 177, 373 A.2d 86 (1977). The discretion must be exercised in light of reason and evidence, and may not be abused. The general rule is that some substantial reason or peculiar circumstance must exist before the court is justified in denying such a request. The burden of proof rests with either the court or interested parties to prove that there exists a lawful objection which overrides the petitioner's right to a name change.

■ The circumstance that there is a minor child is not enough to support a denial of a request for a name change. Mere speculation as to possible embarrassment to, confusion or harassment of, or harmful effect on, the child or children due to the mother's having a different name has been held not to be sufficient reason. *See Piotrowski v. Piotrowski,* 71 Mich. App. 213, 247 N.W.2d 354 (1976); *Egner v. Egner,* 133 N.J. Super. 403, 337 A.2d 46 (1975); *Elwell v. Elwell,* 132 Vt. 73, 313 A.2d 394 (1973).

■ It is true that in marital custody cases we have consistently held that "the paramount and controlling consideration is the overall welfare of the children involved." *Houde v. Beckmeyer,* 116 N.H. 719, 721, 366 A.2d 504, 506 (1976). The discretion of the court, however, "may be limited according to the circumstances of the case." *Hille v. Hille,* 116 N.H. 109, 111, 352 A.2d 703, 705 (1976). There is authority to deny the change of name if the interests of

a child would be adversely affected thereby. *See Clinton v. Morrow,* 220 Ark. 377, 247 S.W.2d 1015 (1952); *Bilenkin v. Bilenkin,* 78 Ohio App. 481, 64 N.E.2d 84 (1945); Annot., 53 A.L.R.2d 914 (1957).

 We do not suggest that every petition for a change of name be granted, but rather hold that some substantial reason must exist for denying such a petition. The mere fact that there are children is not sufficient ground. On the present record, it is impossible to tell whether restoration of the defendants' former names might have such a harmful effect on the children that there would be good and sufficient reason to deny the change.

Our conclusion is based on statutory grounds; hence, we need not consider other arguments set forth.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.