OPINION OF THE COURT
Margaret Cammer, J.
Petitioner, 34 years old, seeks to change his name pursuant to Civil Rights Law § 63 from Richard Allen Mendelson to Richard Allen. The change, he says, is to enable him to sever all ties with his father who, he claims, was an alcoholic who physically abused him. He avers that he "does not wish to carry his [father’s] name or pass it down to [his] offspring”.
While petitioner states that there are no judgments, liens of record or pending actions to which he is a party, or any adjudication of bankruptcy or claims or creditors who will be adversely affected by the proposed name change, he admits that between 1975 and 1989 he was convicted of 10 different criminal offenses. Petitioner’s attorney has provided in the proposed order for service of the name change upon the New *368 York State Division of Criminal Justice Services, ID Division, and argues that such service would prevent any confusion in the criminal justice system as to respondent’s identity.
Petitioner’s wife, who married the petitioner on December 1, 1990 and assumed the name Mendelson, has submitted an affidavit consenting to the name change.*
The application is denied for the following reason:
Petitioner has a 14-year criminal record with convictions including attempted possession of a forged instrument in the second degree, a felony, attempted assault, assault in the third degree, trespass, leaving the scene of an incident without reporting, and operating a motor vehicle while under the influence of alcohol. His last two convictions were as recent as January 1989 and June 30,1989.
While his asserted reason for changing his name is understandable, the application must be viewed in light of his history and society’s interests, as well as the circumstances surrounding the application.
Under common law a person may change his or her name at will so long as there is no fraud, misrepresentation or interference with the rights of others. (Matter of Halligan, 46 AD2d 170.) A court’s primary responsibility, indeed if not its sole one, in reviewing a name change is to make sure no such wrongful consequences are likely. (Matter of Thompson, 82 Misc 2d 460.) Here, petitioner’s criminal record gives rise to "reasonable objection to the change of name proposed” (Civil Rights Law § 63).
Although the proposed name change order provides for service of the change upon the New York State Division of Criminal Justice Services, this notice alone does not alleviate the potential for confusion in the criminal justice system. Many agencies (e.g., the courts, the Department of Correction, probationary and parole services and the FBI) keep records on convicted criminals. Any potential source of confusion in this vital matter should be avoided. (See, United States v Duke, 458 F Supp 1188; Matter of Rouson, 119 Misc 2d 1069.) Accurate record keeping, however, is not the only concern. A familiar *369 name is an investigatory tool for the police. When examining a crime, or in making an arrest, a known name is a useful clue. The court cannot lend its imprimatur to the possible loss of such a means of inquiry. Accordingly, the application is denied.

 It is curious, although hardly crucial in this determination, why petitioner’s wife assumed the name Mendelson upon the parties’ recent marriage in the face of petitioner’s avowed determination "not to carry his [father’s] name or pass it” on.