**In re Ralph Randall CRUCHELOW, (seeking to be known as Muhammad Lee Kumail).**

**No. 950171.**

Supreme Court of Utah.

July 16, 1996.

Brian M. Barnard, Joro Walker, John Pace, Salt Lake City, for Cruchelow.

Jan Graham, Atty. Gen., Brent A. Burnett, Nancy L. Kemp, Asst. Attys. Gen., for State.

DURHAM, Justice:

Ralph Randall Cruchelow appeals from the trial court's order denying his petition to change his name. We reverse and remand.

On January 3, 1995, while incarcerated at the Utah State Prison, appellant petitioned the trial court to change his name to Muhammad Lee Kumail. His petition was verified and facially complied with the requirements of section 42–1–1 of the Utah Code.[1] The petition expressed appellant's desire to change his name as part of his religious

---

1. Section 42–1–1 provides that any person desiring to change his name must file a petition in the district court of the county where he resides, setting forth:

(1) The cause for which the change of name is sought.

(2) The name proposed.

(3) That he has been a bona fide resident of the county for the year immediately prior to the filing of the petition.

practice as a convert to the Islamic faith.[2] The petition provided that it was not filed to "defraud or mislead any creditors or to avoid any service of process or to commit any other misrepresentation in any respect." On February 7, 1995, the trial court held a hearing on appellant's petition. Appellant testified that he wished to change his name because he had become a "devout Muslim" and that changing his name reflected his religious beliefs. Without hearing any other testimony or receiving any other evidence, the trial court denied appellant's petition, stating, "It is the policy of this court to deny name change petitions filed by persons currently incarcerated in penal institutions." The trial court explained that its reason for this policy is that

> the prisoner's records become confused at the prison. It is difficult to reestablish new records for an inmate who has a name change. It also presents problems with the Board of Pardons, when hearings are held, and notice is given of those hearings to the general public.

Section 42–1–1 of the Utah Code provides, "Any natural person, desiring to change his name, may file a petition therefor in the district court of the county where he resides." Once a petition is filed setting forth the petitioner's reasons for desiring the name change, section 42–1–2 directs the trial court to "order what, if any, notice shall be given of the hearing, and after the giving of such notice, if any, may order the change of name as requested, upon proof in open court of the allegations of the petition and that there exists proper cause for granting the same."

■ It is generally recognized that statutes similar to sections 42–1–1 and –2, which set forth procedures to be followed in changing one's name, merely provide a codified process to aid an individual's common law right to adopt another name at will. *See Isom v. Circuit Court of the Tenth Jud. Circuit*, 437 So.2d 732, 733 (Fla.Dist.Ct.App. 1983) (citing 57 Am.Jur.2d *Name* § 11; *In re Application of Knight*, 36 Colo.App. 187, 537 P.2d 1085 (1975)). Consequently, since the

statutory process provides protection for both the applicant and the general public by producing a public record to document the change, applications under the statute should be encouraged. In most circumstances, a petition under such a statute "should generally be granted unless sought for a wrongful or fraudulent purpose." *Id.*

■ In light of this background, we find persuasive the reasoning adopted in many jurisdictions that although a trial court normally has wide discretion in matters of this type, the court must show some substantial reason before it is justified in denying a petition for a name change. *Knight*, 537 P.2d at 1086; *see Moskowitz v. Moskowitz*, 118 N.H. 199, 385 A.2d 120, 122 (1978) (holding that trial court must show special circumstances or facts such as "possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous, or offensive to common decency and good taste"). Furthermore, for this court to conduct a meaningful review, the trial record must contain factual support for the trial court's denial of a petition for a name change. *See Knight*, 537 P.2d at 1086 (court "should conduct an evidentiary hearing to determine if good and sufficient cause exists to deny the application"); *see also* 57 Am.Jur.2d *Name* § 22 (1988) ("[U]nsupported generalizations and speculation do not constitute a cause shown to deny a change of name.").

■ In this case, the trial judge's denial of Cruchelow's petition was not based on the testimony or affidavits of correction officials or police authorities concerning any detrimental impact that his name change might have on the Department of Corrections or on the criminal system. The court merely relied on its own "policy" of denying name change requests by incarcerated persons because of a general concern for the Department's operations. Without any evidentiary support, however, we cannot consider a court's "policy" as a substantial reason to conclude that a change in Cruchelow's name

---

**2.** The scriptures of the Islamic faith, the Holy Koran, directs Muslims to adopt names that re-mind them of their link to and relation with Allah, their creator.

would be improper.[3] *See Knight*, 537 P.2d at 1086; *see also Brown v. Name Change*, 611 So.2d 1355, 1356 (Fla.Dist.Ct.App.1993) ("Without conducting an evidentiary hearing [on prisoner's request for a name change] ... the trial court was without any basis for determining the concerns of the Department [of Corrections].").

We therefore conclude that the trial court's decision was based purely on "unsupported generalizations and speculation" and thus constituted an arbitrary denial of appellant's request to change his name.[4] If the court was truly concerned that the change would cause problems for the Department of Corrections, it had the statutory authority to give notice of the proceedings to the Department and give it an opportunity to be heard. *See* Utah Code Ann. § 42–1–2.

The decision of the trial court is reversed, and the case is remanded with directions to the trial court to either grant the petition forthwith or hold a hearing for the consideration of whatever evidence may exist militating against the petition.

STEWART, Associate C.J., and RUSSON, J., concur.

HOWE, Justice, concurring and dissenting:

I concur, except I would not grant the district court the option to grant the petition "forthwith." I would direct the district court to hold a hearing after giving notice under section 42–1–2 to the Department of Corrections, which operates the Utah State Prison, and to any other parties who might be affected by the proposed name change. After receiving testimony and evidence at such a hearing, the district court will then be in a position to make a reasoned decision as to whether to grant the petition.

ZIMMERMAN, C.J., concurs.

---

3. The State of Utah, in its amicus brief, notes that some courts have held that a trial judge's denial of an inmate's petition for a name change on the basis of the court's perception of possible confusion and record keeping problems at the prison did not constitute an abuse of discretion. *See In Re Parrott*, 194 Ga.App. 856, 392 S.E.2d 48 (1990); *Application of Mendelson*, 151 Misc.2d 367, 572 N.Y.S.2d 1014 (1983). However, in each of these cases, although the trial court did not conduct an evidentiary hearing, it analyzed the circumstances of the individual petitioner in light of the petitioner's conviction and criminal record. The trial court in the instant case did not even do as much.

4. Because we hold that the trial court abused its discretion in denying appellant's petition, we do not reach appellant's other contentions that the denial of his petition violated either his First Amendment right of religious freedom or the Religious Freedom Restoration Act of 1993 (RFRA) or whether he is entitled to an award of reasonable attorney fees under RFRA.