IN RE CHANGE OF NAME OF PICOLLO.
JONATHAN ANTHONY PICOLLO, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
668 N.W.2d 712

Filed September 16, 2003.   No. A-02-1500.

Jonathan Anthony Picollo, pro se.

HANNON, SIEVERS, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Jonathan Anthony Picollo appeals the November 12, 2002, order of the Lancaster County District Court denying Picollo's request to change his name to Strider Rögnirhár. Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2000),

this case was ordered submitted without oral argument. For the reasons stated herein, we remand with directions.

## STATEMENT OF FACTS

On July 24, 2002, Picollo filed a "Petition for Change of Legal Name" alleging that he was presently incarcerated at the Tecumseh State Correctional Institution in Tecumseh, Nebraska; that he sought to change his name to Strider Rögnirhár in order to reflect his religious affiliation with the Asa-Tru faith; and that the requested name change was not for a fraudulent or wrongful purpose. Picollo then published notice of the proposed name change and hearing thereon in The Daily Record for 4 successive weeks beginning September 16 and ending on October 7.

A hearing was held on Picollo's petition on November 4, 2002, during which no testimony was adduced and exhibit 1, a "Deposition on Written Questions of Petitioner in Support of Petition for Name Change," and exhibit 2, proof of publication of the notice of the proposed name change and hearing thereon, were received into evidence. The matter was taken under advisement, and on November 12, the district court entered an order denying Picollo's request for a name change and dismissing the petition, stating that Picollo "is an inmate of the Nebraska Department of Correctional Services. As such, the court is not satisfied that this request for a name change is for a proper purpose." Picollo moved for a new trial on November 22, which motion was denied by a final order dated November 25, 2002. Picollo has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Picollo contends that the district court erred in (1) failing to comply with the provisions of Neb. Rev. Stat. § 25-21,271 (Cum. Supp. 2002) and (2) violating Picollo's federal 1st and 14th Amendment rights by denying his request for a name change.

## STANDARD OF REVIEW

A trial court is vested with discretion in reviewing a petition for change of name, but a change of name cannot be arbitrarily denied. See *Matter of Mees*, 465 N.W.2d 172 (N.D. 1991).

## ANALYSIS

Picollo contends that the district court erred in denying his request to change his legal name.

Section 25-21,271(3) provides:

It shall be the duty of the district court, upon being duly satisfied by proof in open court of the truth of the allegations set forth in the petition, that there exists proper and reasonable cause for changing the name of the petitioner, and that notice of the filing of the petition has been given as required . . . to order and direct a change of name . . . .

In the instant case, Picollo requested to change his name to Strider Rögnirhár in order to reflect his religious affiliation with the Asa-Tru faith. However, the district court denied Picollo's request, stating that Picollo "is an inmate of the Nebraska Department of Correctional Services. As such, the court is not satisfied that this request for a name change is for a proper purpose."

We note that the language used by the district court could be interpreted to mean that the district court denied Picollo's request to change his name based upon the fact that Picollo was an inmate of the Nebraska Department of Correctional Services. However, the language used by the district court could also arguably be interpreted to mean that although the court notes that Picollo is an inmate, no specific reason was given for the denial of the petition.

The instant case is similar to *In re Cruchelow*, 926 P.2d 833 (Utah 1996), in which an inmate who had become a Muslim sought to change his name to Muhammad Lee Kumail in order to reflect his religious beliefs. Although the Utah statute under which that inmate sought a name change is substantially similar to our statute, the trial court denied the inmate's petition, stating, " 'It is the policy of this court to deny name change petitions filed by persons currently incarcerated in penal institutions.' " *Id.* at 834. On appeal, in reversing the trial court's decision, the Utah Supreme Court recognized that a petition under name change statutes should be granted unless the change is sought for a wrongful or fraudulent purpose. *Id.* That court also noted that other jurisdictions have held that although a trial court has wide discretion in matters of this type, the court must show some substantial reason before it is justified in

denying a petition for a name change. The Utah Supreme Court held that the trial court's " 'policy' " was not a substantial reason. See, *id.*; *In Re Change of Name of Knight*, 36 Colo. App. 187, 537 P.2d 1085 (1975). See, also, *Moskowitz v. Moskowitz*, 118 N.H. 199, 385 A.2d 120 (1978).

In light of the language of § 25-21,271 and the above-cited cases, we find that the mere fact that a petitioner is an inmate is not a substantial reason for denying a petition for name change. Based upon our reading of the trial court's order, we interpret the language of the district court to mean that no specific reason was given for denying Picollo's petition. Therefore, we find that the district court must make findings sufficiently definitive that if an appeal is taken, the appellate court can determine whether or not Picollo's request for a name change was arbitrarily denied. See *Matter of Mees*, 465 N.W.2d 172 (N.D. 1991). Because proper consideration of this appeal requires consideration of the order and definitive findings of the district court, we remand this cause for definitive findings and further hearing if so required.

■ Because our analysis of the above issue has adequately disposed of this appeal, we do not consider Picollo's other assignment of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate a case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

For the reasons stated above, the matter is remanded to the district court for definitive findings on Picollo's request for a legal name change.

REMANDED WITH DIRECTIONS.