*57 OPINION OF THE COURT
Memorandum.
Order reversed without costs, petition to change petitioner’s name from “Peter Cortes” to “Zea” granted, and matter remanded to the Civil Court for entry of an order pursuant to section 63 of the Civil Rights Law.
Under the circumstances presented, the court below improperly exercised its discretion in denying petitioner’s application to change his name from “Peter Cortes” to the single name of “Zea.” Under common law, a person may change his or her name at will, and the change is accomplished by usage or habit (see Matter of Halligan, 46 AD2d 170 [4th Dept 1974]). Civil Rights Law § 63 merely provides that a court, petitioned by a person for a name change, upon ascertaining that the petition is true and that there is no reasonable objection to the change of name proposed, shall make an order authorizing the name change. The statute affirms the common-law right, and the two procedures exist side by side supplementing each other (Halligan at 171, citing Smith v United States Cas. Co., 197 NY 420 [1910]).
Upon reviewing a name change, the role of the court is to ensure that no fraud, misrepresentation, or interference with the rights of others is likely (see Smith v United States Cas. Co., 197 NY 420 [1910], supra; Matter of Mendelson, 151 Misc 2d 367 [1991]). Courts ordinarily should grant a petition by an adult unless there is a reasonable objection to the proposed change (see Civil Rights Law § 63; Matter of Washington, 216 AD2d 781 [1995]; cf. Matter of Halligan, 46 AD2d 170 [1974], supra). In contrast, an application which is against public policy (see Matter of Linda Ann A, 126 Misc 2d 43 [1984]), or which condones criminal activity (see Matter of Carol B., 81 Misc 2d 284 [1975]) is properly denied. There exists no authority to support the opinion that the use of a single name will create confusion, disrupt official and business records or wreak havoc in the credit industries.
Here, petitioner has requested to change his name to express his artistic nature. It is noted that, according to petitioner, he is commonly known as “Zea” and he has contacted a supervisor at the Department of Motor Vehicles and several credit card companies, who had no objection to the use of a single name.
*58 Accordingly, in the absence of a reasonable objection, the petition should have been granted.
Weston Patterson, J.P, and Rios, J., concur.