**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WESLEY R. BROWN,

        Plaintiff–Appellant,

v.

M. MICHAEL COOKE, Exec. Dir.
CO. Div. of Motor Vehicles; and
ROBERT MORGAN, Office Manager,
Aurora Driver's License Office,

        Defendants–Appellees.

No. 09-1144
(D.C. No. 1:06-CV-01092-MSK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Wesley R. Brown, proceeding pro se, appeals from the grant of summary

judgment to defendants on his civil rights claims under 42 U.S.C. § 1983.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Brown claims that his rights to due process and equal protection under the Fourteenth Amendment were violated when the Colorado Division of Motor Vehicles (the "Division") refused to issue him a Colorado identification card in his common-law name of "Wesley R. Brown." As summarized by the district court in its summary judgment order, the salient facts underlying Brown's claims are as follows:

> [A]lthough Mr. Brown was given the name "Wesley Ray Brown" at birth, since at least age 17, he has primarily identified himself as "Wesley R. Brown," and has obtained a variety of identification and other documents bearing his chosen name over the years. Mr. Brown contends that these actions are sufficient to constitute a legal change of his name at common law.
>
> On February 6, 2006, Mr. Brown applied for an identification card from the Colorado Division of Motor Vehicles. Although he produced a California driver's license with the name "Wesley R. Brown" as proof of his identity, the Division of Motor Vehicles insisted that he verify his identity with his birth certificate. C.R.S. § 42-2-302(2)(a). When he returned to the office to do so on March 16, 2006, he again requested that the identification card bear his chosen name. However, relying on C.R.S. § 42-2-302(1)(a)(I), which requires that identification cards be issued in the "true name" of an applicant, the Division of Motor Vehicles presented Mr. Brown with a card bearing the name "Wesley Ray Brown," the name shown on Mr. Brown's birth certificate. Mr. Brown refused the tendered card and commenced this action.

In March 2009, in accordance with the extremely thorough and well-reasoned recommendations of the magistrate judge, the district court entered an opinion and order granting summary judgment in favor of defendants and

-2-

denying Brown's motion to amend his complaint. Specifically, the district court concluded that: (1) Brown did not demonstrate that the Colorado Division of Motor Vehicles' refusal to acknowledge his common-law name change deprived him of a liberty or property interest sufficient to support a due process claim; (2) the strict scrutiny standard did not apply to Brown's equal protection claim because the Division's actions did not implicate a fundamental right or categorize persons based on a suspect classification; (3) Brown could not establish a violation of his equal protection rights under the controlling rational basis standard because he failed to show that the Division's policies and actions were not rationally related to a legitimate government interest; (4) Brown's constitutional challenges to Colorado's ban on the use of judicial name-changing procedures and the use of certain provisions of the federal REAL ID Act of 2005 by convicted felons were without merit; and (5) Brown would not be granted leave to file a second amended complaint because, inter alia, his proposed amendments were futile.

## II

We acknowledge the magistrate judge and district court's thorough work in this case, and we affirm the entry of summary judgment in favor of defendants for substantially the same reasons stated by the district court. Nevertheless, we feel it is necessary to elaborate on three matters pertaining to Brown's due process claim.

First, we note that the district court did not specifically state in its opinion and order whether it considered a procedural due process claim, a substantive due process claim, or both. This omission is relevant because the court appeared to inject the more demanding "fundamental rights and liberties" analysis from the substantive due process sphere into the "liberty interest" analysis that pertains to the procedural due process inquiry. We need not decide whether this was error, however, because Brown has failed to adequately assert a procedural due process claim in his opening brief (even construing his pro se arguments liberally), and thus any such claim is waived.[1]

Second, the district court concluded that "there is [no] fundamental right of citizens to compel the Government to accept a common-law name change and reform its records accordingly." We agree with this conclusion, but the substantive due process analysis requires further inquiry. If a proper substantive due process challenge to Colorado's identification card statutes was before the

---

[1]    In his fifty-one page opening brief, Brown makes only two statements that could pertain to a procedural due process claim. First, he quotes In re Knight, 537 P.2d 1085, 1086 (Colo. Ct. App. 1975), for the proposition that "'[b]efore a court denies a request for a change of name under the statute, it should conduct an evidentiary hearing to determine if good and sufficient cause exists to deny the application.'" Second, he notes that Colo. Rev. Stat. § 42-2-302(3)(b) "gives 'due process' by 'denial hearing' and/or 'judicial review.'" However, Brown makes no effort to tie these references to his own specific circumstances or to the specific conduct of the defendants in this case, and thus completely fails to articulate a procedural due process claim on his own behalf. As a result, even if Brown had asserted a procedural due process claim below, he has waived the claim in this appeal. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998).

district court, the court would have been required to examine those statutes under the rational basis test. See Dias v. City & County of Denver, 567 F.3d 1169, 1182 (10th Cir. 2009) ("Even if [a legislative enactment] does not implicate a fundamental right, it must nonetheless bear a rational relationship to a legitimate government interest."). Nevertheless, the district court's disposition of Brown's due process claim was correct because Brown was challenging the Division's policies and actions in his particular case rather than the underlying legislation.

Finally, to the extent the district court analyzed a substantive due process challenge to the Division's policies and actions in refusing to recognize a name change effected at common law, it considered a challenge to executive action. As a result, Brown could have established a substantive due process violation in two ways. First, he could have relied on the "shocks the conscience" standard. See Seegmiller v. Laverkin City, 528 F.3d 762, 769 (10th Cir. 2008). Second, he could have proceeded under the two-part "fundamental liberty" test. Id.; see also Dias, 567 F.3d at 1182 ("We held in Seegmiller that application of a 'shocks the conscience' standard in cases involving executive action is not to the exclusion of the . . . two-part framework for analyzing substantive due process challenges to legislation."). Although the district court did not specifically acknowledge these distinct tests, such an omission does not rise to the level of reversible error because Brown's claim fails under either test.

## III

The judgment of the district court is **AFFIRMED**.  Brown's "Notice and Request for Conference" and "Motion for Action in Interest of Justice" are **DENIED**.  We further **DENY** Brown's request that this court and/or the district court enter the "Decree" attached to his opening brief.

Entered for the Court

Carlos F. Lucero
Circuit Judge