In the Matter of the Application of Paulette Louise Brissett Arscott, Also Known as Paulette Louise Brissitt, Also Known as Paulette L. Brissitt, Also Known as Paulette Louise Brissitt Stewart, Also Known as Paulette Arscott, Also Known as Paulette Brissitt, Also Known as Paulette Brissett, Appellant.




Paulette Louise Brissett, appellant pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered December 17, 2015. The order dismissed, without prejudice, a petition for a name change.




ORDERED that, on the court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is affirmed, without costs.
In this proceeding, petitioner, an adult, seeks to change her name from several variations of Paulette Louise Brissett Arscott to Paulette Brissitt Louise Wilson Suzie Stewart. In support of her application, petitioner submitted, among other things, copies of her United States passport, a birth registration form issued in Jamaica, her New York State driver's license, her social security card, her marriage certificate, a judgment of divorce issued to her and her New York City Taxi and Limousine Commission FHV dispatch driver's license. Each document contained a variation of petitioner's name. In her application, petitioner stated, without explanation, that she had made seven previous applications to change her name and that her purpose in seeking a name change was to add her biological father's surname of Stewart to her name. The Civil Court dismissed the petition, without prejudice and with leave to file another application without paying an application fee, setting forth details of petitioner's seven prior name change [*2]applications, as well as the source of family names, other than that of her biological father, which petitioner wanted included in her name.
While the right to change one's name is established under both common law and by statute (see Matter of Halligan, 46 AD2d 170 [1974]; Matter of Cortes, 19 Misc 3d 56 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also Smith v United States Cas. Co., 197 NY 420 [1910]), where application is made pursuant to statute, "the court is not a mere rubber stamp" (Matter of Beals, 40 Misc 3d 61, 62 [App Term, 1st Dept 2013]). Even though the details as to petitioner's seven prior name change applications, as well as the source of family names, other than that of her biological father, which petitioner wanted included in her name, did not fall within the categories of information petitioner was required to provide to the court in her petition (see Civil Rights Law § 61 [1]), they were valid subjects of inquiry for the court. In view of the foregoing, we conclude that the Civil Court did not improvidently exercise its discretion in dismissing the petition without prejudice. 
Accordingly, the order is affirmed. 
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017