25CA0691 Matter of King 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0691
Arapahoe County District Court No. 25CV77
Honorable Benjamin Todd Figa, Judge

---

In the Matter of Tyler Hunter King,

Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE KUHN
Dunn and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

The Harris Law Firm, PLLP, Katherine O. Ellis, Emily L. Olson, Denver, Colorado, for Appellant

¶ 1    Petitioner, Tyler Hunter King, appeals the district court's order denying his petition for change of name under section 13-15-101, C.R.S. 2025.  We reverse.

## I.    Background

¶ 2    King petitioned the district court to change his middle and last names.  The petition included, in relevant part, fingerprint-based criminal history checks from the Federal Bureau of Investigation (FBI) and the Colorado Bureau of Investigation (CBI).[1]  The FBI criminal history listed a sealed 2019 criminal case showing four sexual assault felony charges.  The report reflected that three of the felony charges were dismissed, and the fourth felony charge, attempted sexual assault on a child, was deferred and dismissed.  The report also listed twelve sets of "sex offender registration[s]," all of which were in Colorado.  The CBI criminal history stated that no record existed for King.

---

[1] As required under section 13-15-101(1)(a) and (1.5), C.R.S. 2025, King's petition also included his full name, his desired new name, a concise statement of the reason for the name change ("personal preference along with avoiding confusion with someone else with [his] name and date of birth"), and proof of publication of public notice of the petition.

¶ 3 Four days after King filed his petition, the district court denied it based on the FBI criminal history report:

> Given the results of fingerprint submission to the [FBI], the Court cannot make findings that (I) the name change is not for the purpose of fraud, to avoid the consequences of a criminal conviction, or to facilitate a criminal activity; and (II) the desired name change would be proper and not detrimental to the interests of any other person.  C.R.S. § 13-15-101(3)(d).

King now appeals.

## II.    Analysis

¶ 4 King contends that the district court erred by (1) improperly invoking a provision of the statute that applies only to petitioners with felony convictions and (2) failing to conduct an evidentiary hearing.  We agree.

### A.    Applicable Law and Standard of Review

¶ 5 A person desiring to change their name under section 13-15-101 must submit to a district or county court a petition that includes, among other items, fingerprint-based criminal history checks from the FBI and CBI.  § 13-15-101(1)(a)(II), (b), (c).  These criminal histories "shall include arrests, conviction records, [and] any criminal dispositions."  § 13-15-101(1)(b).

2

¶ 6     Generally, a court cannot grant a petition for a name change if the criminal histories show the petitioner was convicted of a felony. § 13-15-101(2)(b). Yet section 13-15-101(2)(b) states that if a criminal history check reflects a criminal charge without a disposition, then a court may grant a name change if the petitioner affirms that they have not been convicted of a felony.

¶ 7     Furthermore, section 13-15-101(3) contains an exception permitting a court to grant a petition from a petitioner with felony convictions "if the court finds that the petitioner must have a legal name change in order for the [D]epartment of [R]evenue to issue a driver's license or identification card." Before granting a petition under this exception, the district court must find that the name change is "not for the purpose of fraud, to avoid the consequences of a criminal conviction, or to facilitate a criminal activity" and "[t]he desired name change would be proper and not detrimental to the interests of any other person." § 13-15-101(3)(d)(I)–(II).

¶ 8     We review a court's decision to deny a petition for a name change for abuse of discretion. *See* § 13-15-101(2)(a) (stating the court "shall order the name change . . . *if* the court is *satisfied*" that the change would be proper and not detrimental to others

3

(emphasis added)); *In re Knight*, 537 P.2d 1085, 1086 (Colo. App. 1975) ("While a court has wide discretion in matters of [petitions for name changes], it should not deny the application for a change of name as being improper unless special circumstances or facts are found to exist."). Likewise, a decision not to hold an evidentiary hearing on a name change petition is reviewed for an abuse of discretion. *See* § 13-15-101(2)(b); *Sharma v. Vigil*, 967 P.2d 197, 198 (Colo. App. 1998). "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on a misapprehension or misapplication of the law." *Air Sols., Inc. v. Spivey*, 2023 COA 14, ¶ 50.

¶ 9     To the extent our review for an abuse of discretion involves a district court's application of section 13-15-101, we must strictly construe the statute because it operates in derogation of the common law. *See Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997, 1003 (Colo. 1998); *Knight*, 537 P.2d at 1086 ("At common law, a person could adopt another name at will."). We review de novo any questions of statutory interpretation. *Roane v. Elizabeth Sch. Dist.*, 2024 COA 59, ¶ 23.

### B. The District Court Erred by Denying the Petition

¶ 10    Here, the district court's order relied solely on the fraud, crime, and impropriety language from section 13-15-101(3)(d). But applying subsection (3) requires the court to first find that the petitioner was previously convicted of a felony, and no such conviction is reflected in this record.

¶ 11    King's FBI criminal history only lists one charge that wasn't dismissed outright — the deferred judgment for attempted sexual assault. That count's disposition wasn't a conviction though; it was "deferred and dismissed." The court files from that case confirm that King received a deferred sentence for the charge, the conditions for the deferred judgment were satisfied, his plea was withdrawn, and the charge was dismissed. *See People in Interest of I.S.*, 2017 COA 155, ¶ 7 (holding that a court may take judicial notice of court records in a related proceeding).

¶ 12    As a result, King was not convicted in that case. *See* § 18-1.3-102(1)(a), (2), C.R.S. 2025; *DePriest v. People*, 2021 CO 40, ¶ 13 ("A [deferred judgment] is not a conviction[,] and it is not a sentence."); *McCulley v. People*, 2020 CO 40, ¶¶ 13-14 (noting that a defendant who has successfully completed a deferred judgment is

not convicted).  The absence of any criminal record in the CBI criminal history further supports the conclusion that King was not convicted of a felony.[2]

¶ 13　　Therefore, the district court erred by misapplying the statute because there is no support in the record justifying the court's apparent reliance on subsection (3).  *See Spivey*, ¶ 50.  Instead, the district court should have applied subsection (2), which requires that the court "shall order the name change to be made and spread upon the records of the court in proper form if the court is satisfied that the desired change would be proper and not detrimental to the interests of any other person."  § 13-15-101(2)(a).

¶ 14　　We recognize that even if the district court applied subsection (2) without identifying it, the court may have based its ruling on the additional "charges" in King's FBI criminal history for

---

[2] We also note that, even if King had a felony conviction, the district court did not explain why it applied subsection (3)(d) when nothing in the record shows that King met the criterion under subsection (3) for needing a name change "in order for the [D]epartment of [R]evenue to issue a driver's license or identification card."  § 13-15-101(3).

6

"sex offender registration[s]."[3]  Even so, section 13-15-101(2)(b) states that if a criminal history "reflects a criminal charge for which there is no disposition shown," then "the court may grant the name change" upon the petitioner affirming in court, or stating in a signed affidavit, that they have "not been convicted of a felony in this state or any other state or under federal law."  Consequently, the language of the statute indicates that King should have had an opportunity to affirm that the charges didn't result in felony convictions when a charge was missing a disposition.

¶ 15     Another division of this court has reached the same conclusion, observing that case law interpreting the statute favors granting a name change, and a name change petition should "generally . . . be granted unless made for a wrongful or fraudulent purpose."  *Knight*, 537 P.2d at 1086; *see also Lanham*, 955 P.2d at

---

[3] The FBI records listed the twelve sex offender registration charges under various "arresting agenc[ies]" around metro Denver.  As best we can discern from the report and the case file, these likely reflect the dates when King registered as a sex offender with those agencies as required by the conditions of his deferred judgment rather than being additional charges.  But even if they were criminal charges within the meaning of section 13-15-101(2)(b), they are not listed as felony convictions.  Regardless, to the extent there are factual uncertainties on this record, they should be resolved by the district court.

1003 (strictly construing statute in derogation of the common law). The division went on to hold that "[b]efore a court denies a request for a change of name under the statute, it should conduct an evidentiary hearing to determine if good and sufficient cause exists to deny the [petition]." *Knight*, 537 P.2d at 1086.

¶ 16 True, the district court has discretion whether to hold a hearing in connection with a name change petition. But the statute certainly contemplates that, before ruling on the petition, the court will resolve the status of any charges for which there are no dispositions. *See* § 13-15-101(2)(b) (If the criminal history check reflects a criminal charge with no shown disposition, "the court may grant the name change after affirmation in open court by the petitioner, or submission of a signed affidavit by the petitioner, stating he or she has not been convicted of a felony in this state or any other state or under federal law.").

¶ 17 In his verified petition, King swore under oath that he had "not been convicted of a felony or adjudicated a juvenile delinquent for an offense that would constitute a felony if committed by an adult in this state or any other state or under federal law." And nothing in the record disputes his statement. To the extent the court

believed it had good grounds to depart from King's statement in his verified petition, its ruling didn't explain those grounds for us to review. *Cf. Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1263 (Colo. App. 2008) ("The [district] court must include in its order findings of fact and conclusions of law sufficient to enable [us] to understand the basis of its order and to determine whether the [district] court abused its discretion.").

¶ 18　　Therefore, we conclude that the district court abused its discretion by denying the petition. If it had a question about the sex offender registration "charges" in the report — particularly in light of King's sworn statement that he hadn't been convicted of a felony — it should have given King an opportunity to be heard or present evidence to resolve the question. *Cf. Knight*, 537 P.2d at 1086 (reversing district court's denial of petition for name change because "some substantial reason must exist for denying [a] petition" and "none appear[ed] in the record"). And as noted above, to the extent the court denied the petition based on the deferred judgment in the report, it misapplied the law.

## III.  Disposition

¶ 19    The order is reversed, and the case is remanded for further proceedings consistent with this opinion.  On remand, the district court should make appropriate findings to enable any further appellate review.  *See Argo v. Hemphill*, 2022 COA 104, ¶ 52.

JUDGE DUNN and JUDGE LIPINSKY concur.